IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TONNIE MATHIS

    Plaintiff,

v.     No. _____

DAVID L. HANDLEY, FEDERAL EXPRESS
CORPORATION, FEDEX FREIGHT, INC., and
FEDEX GROUND PACKAGE SYSTEM, INC.,

    Defendants.

## NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

Defendants David L. Handley, Federal Express Corporation, FedEx Freight, Inc. and FedEx Ground Package System, Inc. ("Defendants") submit this timely-filed Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support state as follows:

### I.   BACKGROUND

1. Plaintiff filed her Complaint for Damages for Injury on December 15, 2014, in the Sixth Judicial District of the State of New Mexico, County of Luna, Case No. D-619-CV-2014-00370 ("State Court Action"). A copy of the Civil Docket Sheet and all process, pleadings, and orders served upon Defendants from Case No. D-619-CV-2014-00370 is attached as Exhibit **A**. Defendants will comply with D.N.M.LR-Civ. 81.1(a) within the twenty-eight day period provided by that rule, to the extent Exhibit A does not accomplish that purpose.

2. Defendants were served copies of Complaint for Damages for Injury ("Complaint") on December 30, 2014. *See* Ex. A. In her Complaint, Plaintiff requested relief for personal injuries for a car accident that occurred on October 3, 2014. *See* Ex. A, Complaint.

3. Plaintiff named Defendants as parties for the State Court Action because the accident involved a vehicle associated with Defendant FedEx Ground Package System, Inc. which was driven by David Handley.

## II.     GROUNDS FOR REMOVAL

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Removal of this action is proper pursuant to 28 U.S.C. § 1441(a). This is a civil action between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. The amount in controversy for removal jurisdiction is determined normally by reference to allegations in the plaintiffs' complaint. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *abrogated on other grounds by Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014). A defendant's notice of removal need include only a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold" in order for the matter to be removed. *Owens*, 135 S.Ct. at 554.

6. Plaintiff does not allege any specific dollar amount for the damages that she represents to purportedly have suffered as a result of the events and circumstances alleged in the Complaint. Her allegations nevertheless demonstrate that she is seeking more than the required $75,000 jurisdictional amount. Plaintiff's Complaint alleges that Plaintiff's vehicle was demolished and she seeks past and future medical expenses, pain and suffering, lost wages and lost earning capacity as well as other damages. *See* Ex. A.

7. Plaintiff's Complaint also seeks punitive damages, which may be included in calculating the amount in controversy. *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) (punitive damages).

8.  The Court may determine from a "common-sense reading of the complaint" whether a plaintiff is seeking damages in excess of the amount in controversy. *McCoy v. General Motors Corp.*, 226 F. Supp.2d 939, 941 (N.D. Ill. 2002). *See also Roberson v. Orkin Exterminating Co., Inc.*, 770 F. Supp. 1324, 1329 (N.D. Ind. 1991). In light of Plaintiff's claims for tort damages and punitive damages, the Court properly may conclude that Plaintiff is claiming damages in excess of $75,000. *See Miera v. Dairyland Ins. Co.,* 143 F.3d 1337, 1340 (10th Cir. 1998)(district court reasonably speculated that jurisdictional amount in controversy would be satisfied given complexity of case). Thus, although Defendants deny the allegations against them in the Complaint, taking those allegations on their face as true (as this Court must do for the purpose of determining the propriety of removal), it is clear that the amount in controversy is in excess of $75,000.

9.  Plaintiff is a resident of New Mexico. *See* Ex. A, Complaint.

10. Defendant David L. Handley is a non-resident of New Mexico. *See Id.*

11. Defendants Federal Express Corporation, FedEx Freight, Inc. and FedEx Ground Package System, Inc., are Delaware corporations and are thus citizens of Delaware for diversity purposes. 28 U.S.C. § 1332(c)(1).

12. There is complete diversity between Plaintiff and Defendants. *See* 28 U.S.C. § 1441(a).

13. A copy of this Notice of Removal is being filed with the Clerk of the Sixth Judicial District of the State of New Mexico, County of Luna.

14. Defendants respectfully demand that the trial of this matter in federal court be heard by a full jury.

Wherefore, Defendants request that the action now pending in the Sixth Judicial District of the State of New Mexico, County of Luna, Case No. 202-CV-2012-08243, be removed from that state court to this United States District Court.

Respectfully Submitted By:

RODEY, DICKASON, SLOAN, AKIN & ROBB, PA

By: _____
    Brenda M. Saiz
    Michael E. Kaemper
    PO Box 1888
    Albuquerque, NM 87103
    Telephone: 765-5900
    Facsimile: 768-7395
    Email: bsaiz@rodey.com
           mkaepmer@rodey.com
*Attorneys for Defendants*

**Certificate of Service**

I hereby certify that a copy of the foregoing pleading was mailed this 29th day of January, 2015, to the following counsel of record:

WILL FERGUSON & ASSOCIATES
Ronald Segal
1720 Louisiana Blvd. NE, Suite 100
Albuquerque, NM 87110

By: _____
    Michael E. Kaemper